# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**KEVIN RAY ADKINS,**
**ADC #113581**                                                                                          **PLAINTIFF**

**V.**                            **CASE NO. 5:16-CV-00372 KGB/BD**

**WENDY KELLY, et al.**                                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.    Discussion:**

Plaintiff Kevin Ray Adkins, an Arkansas Department of Correction ("ADC") inmate, filed this case *pro se* under 42 U.S.C. § 1983. (Docket entry #1) His original complaint included a number of unrelated claims, so he was ordered to designate related claims to pursue in this lawsuit. He has now filed a supplement to his complaint and has chosen to proceed with failure-to-protect claims. (#6) Before ordering service of

process, however, the Court must determine whether Mr. Adkins's allegations, viewed in a favorable light, state a federal claim for relief. (#2, #6)

According to Mr. Adkins, an unnamed officer at the Delta Regional Unit ("Delta Unit") failed to adequately monitor the use of brooms and cleaning supplies and failed to retrieve those items from inmates after their use. (#2, #6) As a result, he alleges, he was attacked by an inmate with a broom in barracks 6 of the Delta Unit. (#2, #6)

Mr. Adkins alleges that he spent three days in isolation, after which Defendant Smith (with Defendant Page's knowledge) returned him to barracks 6, where the attack had occurred. (#2, #6) Mr. Adkins states that he felt threatened by this assignment and grieved his return to barracks 6. He also alleges that he complained to Defendant Mills about his reassignment to barracks 6. (#2, #6)

As a result of Mr. Adkins's complaints, Defendant Smith allegedly agreed to move him, but on condition that he tear up a grievance he had written. (#2, #6) Mr. Adkins says that he tore up the grievance and was subsequently moved from barracks 6. (#2, #6) Mr. Adkins does not allege that he was subjected to any harm during his reassignment to barracks 6. And he is no longer at the Delta Unit, where the attack took place.[1]

A failure-to-protect claim requires a showing that the inmate was subjected to a substantial risk of serious harm and that the defendants knew of, but disregarded, that risk. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011); *Young v. Selk*, 508 F.3d 868,

---

[1] Mr. Adkins is now incarcerated at the Tucker Unit of the ADC.

872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007). Further, the inmate must show that he was injured as a result of a defendant's conduct.

    **A.    The Broom Attack**

Mr. Adkins does not allege that the officer who distributed brooms and cleaning supplies had any reason to know that the broom would be used in an attack, or that cleaning implements and supplies had been used in past attacks. Furthermore, he does not allege that the unnamed officer had reason to suspect that Mr. Adkins was an intended target of attack by another inmate.

Giving Mr. Adkins the benefit of doubt, the most the Court can conclude is that the unnamed officer was negligent. But negligence, even gross negligence, cannot support a constitutional claim for failure to protect. See *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) (negligence, an even gross negligence, are insufficient to establish a failure to protect claim); *Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002) (explaining that "even gross negligence" is insufficient to establish a failure to protect claim); *Holden,* 663 F.3d at 341 (in a failure to protect case, that "deliberate indifference includes something more than negligence . . . it requires proof of a reckless disregard of the known risk"); see also *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)(prison official's failure to alleviate a risk that he should have perceived, but did not, is insufficient to sustain a failure to protect claim). Accordingly, Mr. Adkins's allegations of inadequate monitoring of inmates' access to brooms, mops, and other cleaning supplies, even if true, fall short of stating a federal claim for relief.

**B.     Mr. Adkins's Reassignment to Barracks 6**

Defendants' decision to reassign Mr. Adkins to barracks 6 with inmates who had attacked him is conduct that might well be deemed reckless.  Fortunately for Mr. Adkins, this apparently did not lead to a second attack.  Because he suffered no physical harm upon his reassignment to barracks 6, however, Mr. Adkins does not have a federal claim for relief based on this conduct.  *Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (2010) (defendant must show harm suffered from failure to protect is objectively serious); *Cummings v. Malone*, 995 F.2d 817, 822 (8th Cir. 1993)(a plaintiff must show an actual injury to state an Eighth Amendment violation); *Williams v. Smith*, 2012 WL 3815674 (W.D. Ark. 2012)(when plaintiff alleged only de minimis injuries, his failure to protect claims failed as a matter of law); see also 42 U.S.C. 1997(e)("No Federal civil action may be brought by a prisoner ...  for mental or emotional injury suffered while in custody without a prior showing of physical injury").

**III.    Conclusion:**

The Court recommends that Mr. Adkins's claims against Defendants be DISMISSED, without prejudice, for failure to state a federal claim for relief.  This dismissal should count as a strike for purposes of 28 U.S.C. § 1915(g).

IT IS SO ORDERED, this 18th day of January, 2017.

                                                                                    _____
                                                                                    UNITED STATES MAGISTRATE JUDGE